1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BALBIR SINGH,

11          Plaintiff,                No. CIV 2:11-cv-0401-GEB-JFM (PS)

12      vs.

13   WELLS FARGO BANK N.A., d.b.a.
     WELLS FARGO HOME MORTGAGE,
14   *et al.*,

15          Defendants.              ORDER

16   _____/

17          This action was referred to the undersigned pursuant to Local Rule 302(c)(21).

18   On February 23, 2011, defendant Wells Fargo Bank N.A. dba Wells Fargo Home Mortgage filed

19   a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a motion for more definite

20   statement.  On February 25, 2011, defendant Provident Savings Bank filed a joinder to both

21   motions.  On April 20, 2011, plaintiff filed an ex parte application for appointment of expert.  On

22   April 27, 2011, plaintiff filed an opposition to defendants' motions.

23   A.     Failure to File a Timely Opposition

24          Local Rule 230(c) provides that opposition to the granting of a motion must be

25   filed fourteen days preceding the noticed hearing date.  The Rule further provides that "[n]o party

26   will be entitled to be heard in opposition to a motion at oral arguments if written opposition to

1

1  the motion has not been timely filed by that party."  In addition, Local Rule 230(i) provides that

2  failure to appear may be deemed withdrawal of opposition to the motion or may result in

3  sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be

4  grounds for imposition of any and all sanctions authorized by statute or Rule or within the

5  inherent power of the Court."

6        Plaintiff filed an opposition on April 27, 2011, less than fourteen days before the

7  May 5, 2011 hearing on the motion to dismiss and motion for more definite statement.

8  Accordingly, the hearing on defendants' motions shall be continued.

9  B.    Appointment of Expert

10       Plaintiff also filed an ex parte application for appointment of an expert.  Plaintiff

11  seeks appointment of an individual from the Federal Bureau of Investigation to serve as an expert

12  "for a detailed review of the Complaint."  Plaintiff requests that this appointed expert "advise the

13  Court and testify on the Plaintiff's behalf . . . ."

14       The district court has discretion to appoint an expert pursuant to Rule 706(a) of

15  the Federal Rules of Evidence, which reads, in part: "The court may on its own motion or on the

16  motion of any party enter an order to show cause why expert witnesses should not be

17  appointed...." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability

18  Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) ("district court ... has the discretion to appoint an

19  expert sua sponte under Federal Rule of Evidence 706(a)").  Pursuant to Rule 702, "If scientific,

20  technical, or other specialized knowledge will assist the trier of fact to understand the evidence or

21  to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience,

22  training, or education, may testify thereto in the form of an opinion or otherwise ...." Fed. R.

23  Evid. 702.

24       However, "[r]easonably construed, Rule 706 does not contemplate the

25  appointment of, and compensation for, an expert to aid one of the parties."  Gamez v. Gonzalez,

26  2010 WL 2228427, *1 (E.D. Cal. June 3, 2010) (internal quotations, punctuation and citations

omitted).  Rather, the principal purpose of a court-appointed expert is to assist the trier of fact,

not to serve as an advocate.  As such, district courts have authority to appoint neutral expert

witnesses sua sponte, whether or not either party agrees, and may assess the cost of the expert as

the court deems appropriate.  <u>Students of California School for the Blind v. Honig</u>, 736 F.2d 538,

549 (9th Cir. 1984) (citing Fed. R. Evid. 706), vacated on other grounds, 471 U.S. 148 (1985).

Here, plaintiff requests appointment and payment of an expert witness to serve as

his advocate in this action.  Because there is no authority for granting this request, the motion

will be denied.

Good cause appearing, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for appointment of expert is denied;

2.  The hearing date of May 5, 2011 is vacated.  Hearing on defendants' motion to

dismiss and motion for more definite statement is continued to July 14, 2011 at 11:00 a.m. in

courtroom no. 26.

3.  The initial scheduling conference scheduled for July 14, 2011 is continued to

September 8, 2011 at 11:00 a.m. in courtroom # 26.

DATED: May 3, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;sing0401.jo